# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7489 | **DATE** | 10/19/2001 |
| **CASE TITLE** | Ronnie Scott, et al vs. Arrow Chevrolet, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. To avoid creating a confusing patchwork set of pleadings, Arrow's entire Answer (including its Ads) is stricken, but with leave granted to file a self-contained Amended Answer (including any currently appropriate AD) in this Court's chambers on or before October 30, 2001.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | OCT 22 2001 date docketed | 6 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | DOCKETING | | |
| | Copy to judge/magistrate judge. | | 01 OCT 19 PM 4:02 | 10/19/2001 date mailed notice | |
| SN | courtroom deputy's initials | | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONNIE SCOTT, et al., )
)
　　　　　Plaintiffs, )
)
v. ) No. 01 C 7489
)
ARROW CHEVROLET, INC., )
)
　　　　　Defendant. )

MEMORANDUM OPINION AND ORDER

Arrow Chevrolet, Inc. ("Arrow") has filed its Answer and a number of purported affirmative defenses ("ADs") to the Amended Complaint ("AC") brought against it by four African-American ex-employees of Arrow who assert that they were the victims of race discrimination and retaliatory activity. Although something more than two months remains before this first year of the third millenium A.D. (not AD) runs out, Arrow's counsel have established themselves as prime candidates for the Worst Federal Pleading of the Year Award. This sua sponte opinion sends counsel back to the drawing board to try again.

It is an unfortunate fact of litigation life that enough lawyers are heedless of a number of the plain directives contained in the Federal Rules of Civil Procedure ("Rules") that this Court was ultimately driven to the publication of an Appendix (in State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001))--both to identify the most commonly encountered errors of that type and to spare this Court's secretary the need for

constantly retyping corrective admonitions. But it is rare that a single pleading offends in such a pervasive manner as Arrow's response here. What follows addresses its flaws in the order in which they occur, rather than essaying any effort to rank them in order to importance.

To begin with, Rule 8(b) delivers a singularly clear message: <u>Every</u> averment (from here on out this opinion will employ the more common usage of "allegation") <u>must</u> be admitted or denied unless the responding pleader can overcome the disclaimer hurdles set out in Rule 8(b)'s second sentence to gain the benefit of a deemed denial. Yet Answer ¶¶1 through 3 and 25-32 persist in avoiding any answer to the corresponding allegations in the AC on the basis that a statute or some document "speaks for itself." App. ¶3 to <u>State Farm</u> explains why that is impermissible as a dodge to avoid a forthright response. All those paragraphs of the Answer are stricken.[1]

Next another set of forbidden nonresponses--Answer ¶¶2 through 5, 7 and 8--repeatedly advances the notion that the corresponding paragraphs in the AC "call for a legal conclusion" as well as "fail to allege any facts." Quite apart from the obvious answer that federal pleading is <u>notice</u> pleading and not <u>fact</u> pleading (as is the case, for example, in the Illinois state

---

[1] When counsel redo their work, they should also drop all of their wholly meaningless demands for "strict proof" (whatever that may be) wherever such a demand now appears.

2

courts), the "legal conclusion" attack is an empty one--see App. ¶2 to State Farm. Those paragraphs are stricken as well.

In still another inexplicable departure from the plain roadmap marked out by Rule 8(b)'s second sentence, Answer ¶8 wholly fails to address the most significant components of the required disclaimer--see App. ¶1 to State Farm. That paragraph (including its impermissible demand for "strict proof") is stricken too.

Finally, Arrow's ADs (referred to here by a shorthand form (for example, as "AD 1" rather than "First Affirmative Defense") are also riddled with errors. Here is as brief a listing as is possible under the circumstances:

1. Each of AD 1 through AD 6 begins with the mistaken assertion, purportedly under the auspices of Rule 8, of Arrow's denial of liability for plaintiffs' claims. That of course is not a real AD--see App. ¶5 to State Farm. Because Arrow has already put the claims in issue by its paragraph-by-paragraph denials of allegations in the AC, such statements in purported ADs not only are wrong but are total surplusage as well.

2. ADs 1 and 2 speak of potential defenses that might arise if discovery should reveal them. That makes no sense: If any such facts are known now, Arrow must identify them now, while any facts that are unknown at this point but are learned later cannot by definition be the subject of a

3

"waiver" (as to the meaning of which term counsel should consult any of the multitude of cases--or even a legal dictionary--discussing that concept).

3. In a variant on the same theme, AD 3 asserts plaintiffs' failure to mitigate damages. Though such a failure is certainly an appropriate ground for an AD in conceptual terms, unless Arrow knows that to be the case (instead of saying that *if* there were a failure to mitigate, that failure would reduce damages), raising the issue now is entirely premature.

4. AD 4 disclaims Arrow's liability "where the alleged discrimination occurred outside the scope of employment or without the Defendant's consent, ratification or knowledge." That is of course true under some circumstances, but it depends on the level of authority of the employee or employees who engaged in the discriminatory activity. AC ¶8 names a set of Arrow people whose actions allegedly trigger Arrow's liability on respondeat superior grounds, but no effort is made there to particularize the individual situations (and that is one paragraph Arrow has failed to answer). Hence that portion of AD 4 will not be stricken at this point, pending future developments.

5. Lastly,[2] AD 6 is at odds with the basic principle

---

[2] Mirabile dictu, the second and third paragraphs of AD 5 advance a legitimate affirmative defense and escape unscathed.

4

that an AD accepts a plaintiff's allegations as gospel but goes on from there--again see App. ¶5 to <u>State Farm</u>. Except for those portions of the ADs that are spared in accordance with the preceding discussion, all of Arrow's ADs are stricken too.

To avoid creating a confusing patchwork set of pleadings, Arrow's entire Answer (including its ADs) is stricken, but with leave granted to file a self-contained Amended Answer (including any currently appropriate AD) in this Court's chambers on or before October 30, 2001. Because this sua sponte opinion has spared the need for plaintiffs' counsel to expend any time and effort in addressing the same issues, Arrow and its counsel are not required to bear any fee-shifting. But an appropriate judicial response to what has been dealt with here is to require Arrow's counsel to send a copy of this opinion to their client together with a letter advising that no charge will be made for any time and expense incurred in correcting counsel's own errors (with a copy of that letter to be delivered to this Court's chambers as an informational matter and not for filing). This Court so orders.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 19, 2001