Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7489 | **DATE** | 11/29/2001 |
| **CASE TITLE** | Ronnie Scott, et al vs. Arrow Chevrolet, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Arrow's motion to dismiss is denied. It is ordered to answer SAC Counts III and IV on or before December 10, 2001. (12-1)

(11) ■ [For further detail see

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | NOV 30 2001 | |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | 13 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | DOCKETING | 11/29/2001 | |
| SN | courtroom deputy's initials | | 01 NOV 29 PM 4:23 | date mailed notice SN | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONNIE SCOTT, et al., )
)
        Plaintiffs, )
)
v. ) No. 01 C 7489
)
ARROW CHEVROLET, INC., )
)
        Defendant. )

DOCKETED
NOV 3 0 2001

<u>MEMORANDUM ORDER</u>

    Shortly after Arrow Chevrolet, Inc. ("Arrow") had filed a motion under Fed. R. Civ. P. ("Rule") 12(b) for the dismissal of Count III of the employment discrimination action filed against it by four African-American ex-employees, this Court orally denied that motion without prejudice on October 30, 2001. That denial was based on the representation by plaintiffs' counsel that the challenged claim had contained some mistaken allegations as to the timing of certain events. Because such timing was critical to the viability or nonviability of the Count III retaliation claim, plaintiffs were then granted leave to file a Second Amended Complaint ("SAC"), with Arrow then being given time to file its responsive pleading.

    On November 13 the SAC was filed, and now Arrow has renewed its Rule 12(b) motion on the ground that the current Count III is still flawed. For the reasons stated in this memorandum order, Arrow's motion is denied and it is ordered to answer SAC Counts III and IV (for some reason, Arrow's contemporaneously filed Answer has addressed only Counts I and II, so that neither

the Answer nor the motion to dismiss spoke to Count IV at all).

One facet of Arrow's motion can be dispatched summarily at the outset: its initial invocation of the well-recognized doctrine that when exhibits are attached to a complaint, any facts set out in the exhibits override inconsistent allegations in the complaint itself. That principle, sound enough in itself, is frankly absurd when (as here) the SAC alleges that the dates in the exhibits were <u>mistaken</u>. It may be said parenthetically that lawyers too often tend to be unaware that when such a frivolous argument is joined with other and more tenable contentions (let alone being placed first, as Arrow's counsel have done here), the lawyers run the risk of a loss of credibility that might adversely affect the judicial perspective in addressing counsel's more colorable legal arguments.

As for Arrow's other contentions, in all but one respect they ignore the fundamental premise that the allegations of a complaint must be accepted as gospel for purposes of any Rule 12(b)(6) motion. When that approach is taken, it must be viewed as true (1) that coplaintiffs Ronnie Scott and Derrick Johnson were prepared to assist coplaintiff Jacky Burks in his then-contemplated claim of race discrimination, (2) that Arrow knew of the Scott-Johnson-Burks relationship and (3) that it promptly proceeded to terminate both Scott and Johnson as a retaliatory measure. And when those assumed facts are supplemented by the equally fundamental proposition that plaintiffs are also entitled

2

to the benefit of all reasonable favorable inferences, the threshold substantive viability of the retaliation claim is assured. It may well be, of course, that Scott and Johnson may prove unable to deliver as advertised, so that the requisite level of Arrow's knowledge cannot be shown--but for the present the Count III claim must stand in those terms.

Most serious among Arrow's challenges is its contention that the current Count III claim is beyond the scope of the corresponding EEOC charges, even with the degree of leeway that the cases establish in that respect. On that score the two EEOC charges are extraordinarily cryptic--obviously the work product of agency personnel possessed of less skill than should be expected of them. But because the issue is less than certain, this Court will permit Count III to survive for the present, with the understanding that if later factual development supports application of the principles set out in such cases as <u>Cheek v. Western & S. Life Ins. Co.</u>, 351 F.3d 497, 500 (7th Cir. 1994)(the decision invoked by Arrow), the issue may be revisited.

As stated earlier, Arrow's motion is denied. It is ordered to answer SAC Counts III and IV on or before December 10, 2001.

---
Milton I. Shadur
Senior United States District Judge

Date: November 29, 2001

3